IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

| | | |
|---|---|---|
| ANDREW M. OROSZ, | ) | Bankruptcy No.  5:17-bk-00544 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE, N.A., and PROGRESSIVE FINANCIAL SERVICES, INC., | ) ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | AP No. 5:18-ap-00025 |
| MARTIN P. SHEEHAN, TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPITAL ONE, N.A., and PROGRESSIVE FINANCIAL SERVICES, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

### Introduction

This is an action for actual and punitive damages filed by Trustee and Debtor pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016 and 9011 of the Bankruptcy Rules, the West Virginia Consumer Credit and Protection Act, *WV Code Section* 46A-2 et seq. (hereinafter referred to as "WVCCPA"); the *West Virginia Computer Crime and Abuse Act*; Intentional Infliction of Emotional Distress; Common Law Invasion of Privacy; the *Fair Debt Collection Practices Act*, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and the *Telephone Consumer Protection Act* of 1991, 47 U.S.C. § 227, *et seq.,* (hereafter "TCPA").  This

1

action is also filed to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

## Jurisdiction and Venue

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984.

3. This Court has supplemental jurisdiction to hear all State law claims pursuant to Section 1367 of Title 28 of the United States Code.

4. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code and the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.;* thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event, Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

7. Plaintiff, Andrew M. Orosz, in this case, is a Debtor under Chapter 7 of Title 11 of the

2

United States Code in case number 5:17-bk-00544, which case is presently pending before this court. Plaintiff, Andrew M. Orosz is hereinafter referred to as Plaintiff or Debtor.

8.     Plaintiff, Martin P. Sheehan, Trustee, is the duly appointed and acting Chapter 7 Trustee of Debtor's estate appointed by the United States Bankruptcy Court for the Northern District of West Virginia.

9.     Defendant, Capital One, N.A. (herein "Capital One"), is a National Bank regulated by the Office of the Comptroller of the Currency, with its principal office address at 1680 Capital One Drive, Mclean, VA 22102, and conducts business at various locations throughout the United States of America.

10.    Defendant, Progressive Financial Services, Inc., (herein "Progressive"), is a Corporation organized and existing under the laws of Pennsylvania, with its principal office address at 1510 Chester Pike, Ste 250, Eddystone, PA, 19022, and conducts business at various locations throughout the United States of America.

11.    Defendant, Capital One, N.A., is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia, including Ohio County, West Virginia.

12.    Defendant, Progressive, is a debt collector engaging directly or indirectly in debt collection within the State of West Virginia, including Ohio County, West Virginia.

**Facts**

13.    The Chapter 7 case of Plaintiff, Andrew M. Orosz, was commenced by the filing of a voluntary petition with the Clerk of this Court on May 25, 2017,

14.    On May 25, 2017, the Bankruptcy Noticing Center notified creditors of Plaintiff's bankruptcy case.

15.    The 341(a) meeting of creditors was held in Wheeling, West Virginia on June 23, 2017.

16.    Plaintiff, Andrew M. Orosz, is a consumer residing in West Virginia.

3

17. Plaintiff, Andrew M. Orosz, is a person who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to remedies set forth in Article 5 of the WVCCPA.

18. At all times relevant to this complaint, Plaintiff, Andrew M. Orosz, was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

19. After Plaintiff, Andrew M. Orosz, became in arrears upon the indebtedness to Defendant, Capital One, Defendant, and Capital One and or its agent Progressive, began to engage in the collection of such indebtedness through the use of telephone calls placed to Plaintiff, Andrew M. Orosz.

20. At all times material hereto, Defendant, Capital One, and Defendant, Progressive, did transact business in Wheeling, Ohio County, West Virginia, as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Defendants sought to collect an alleged debt from Plaintiff, Andrew M. Orosz, that arose from a transaction allegedly incurred for personal, family or household purposes and is a "consumer debt."

21. At all times material, Defendant, Capital One, was the owner of the consumer account which is the subject of the unlawful collection activity at issue herein.

22. At all times material, Defendant, Progressive, was a third party debt collector and agent of Defendant, Capital One.

23. As described herein, Defendant, Capital One, and its agent, Defendant Progressive, employed business practices resulting in intentional harassment and abuse of Plaintiff, Andrew M. Orosz, and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect the above-referenced consumer debt from Plaintiff, Andrew M. Orosz.

4

24. Defendant, Capital One, and its agent, Defendant, Progressive, have engaged in conduct in violation of the TCPA and constituting intentional harassment and abuse of Plaintiff, Andrew M. Orosz, by and through its agents and representatives, on numerous occasions within the four (4) year period preceding the filing of this action.

25. As described herein, Defendant, Capital One, and its agent, Defendant, Progressive, implemented their unlawful collection conduct by sending Plaintiff, Andrew M. Orosz, threatening collection letters and by initiating calls to Plaintiff, Andrew M. Orosz's cellular telephone number and to Plaintiff, Andrew M. Orosz's residential telephone phone number with such frequency as can reasonably be expected to harass, in an effort to collect the above-described consumer loan debt.

26. Plaintiff, Andrew M. Orosz, is the regular user and carrier of the cellular telephone number at issue and was the called party and recipient of Defendants' above-described calls.

27. Within the four (4) year period preceding the filing of this action, Defendants intentionally harassed and abused Plaintiff, Andrew M. Orosz, and his family, on numerous occasions by its agents and representatives calling Plaintiff, Andrew M. Orosz's aforementioned cellular telephone numbers and residential telephone number with such frequency as can reasonably be expected to harass.

28. On or about October 11, 2016, the law office of Thomas E. McIntire & Associates LC, sent two letters to Capital One, indicating that Mr. Orosz was represented by counsel and that any permission or consent he had granted to call his telephone was revoked. A copy of the said correspondence is attached hereto as **Exhibit A**.

29. On or about October 14, 2016, Capital One, according to the United States Postal Service Certified Mail Transaction Details 9414711899564883740482 and 9414711899564883747689, received letters from the law office of Thomas E. McIntire & Associates LC, advising Capital One that Mr. Orosz was represented by counsel and that any permission or

5

consent he had granted to call his telephone was revoked. A copy of the United States Postal Service Certified Mail Transaction Details are attached as **Exhibit B**.

30. Thereafter, Defendants, Capital One and/or Progressive, acting in its capacity as agent of Defendant, Capital One, caused a telephone call to be placed to Plaintiff, Andrew M. Orosz, after the law office of Thomas E. McIntire & Associates LC, advised Capital One that Mr. Orosz was represented by counsel and that any permission or consent he had granted to call his telephone was revoked.

31. Thereafter, Progressive, knew or should have known that any authorization that Defendant, Capital One, had to place calls to Plaintiff, Andrew M. Orosz, had been revoked, and while acting in its capacity as agent of Defendant, Capital One, continued to cause telephone calls to be placed to Plaintiff, Andrew M. Orosz, after the law office of Thomas E. McIntire & Associates LC, advised Capital One that Mr. Orosz was represented by counsel and that any permission or consent he had granted to call his telephone was revoked.

32. Despite having received the above described letters, demanding that Defendant, Capital One, cease and desist all communication with Mr. Orosz regarding the consumer loan debt at issue, and notifying Defendant, Capital One, that Mr. Orosz was represented by counsel with respect to the subject debt, Capital One, and its agent Defendant, Progressive, proceeded undeterred in its campaign of intentional harassment and abuse of Mr. Orosz in an effort to collect the debt, including but not limited to:

   a. Calling Mr. Orosz's aforementioned cellular telephone numbers and residential telephone number several times (as will be established after a thorough review of Defendants' records);

   b. Calling Mr. Orosz aforementioned cellular telephone numbers and residential telephone

6

number from an automated telephone dialing system and leaving pre-recorded messages on Mr. Orosz's answering machine and respective voice mailboxes, identifying Mr. Orosz and stating that the message was left in "an attempt to collect a debt";

c. Calling Mr. Orosz's aforementioned cellular telephone numbers and residential telephone number and hanging up either prior to or as soon as Mr. Orosz's or members of Mr. Orosz's household, or Mr. Orosz's answering machine or voice mailboxes answered the call;

d. Calling from numerous different telephone numbers that appeared on Mr. Orosz's caller ID as someone or some entity other than Defendant, Capital One, or Defendant, Progressive, or with no identification.

33. The telephone calls at issue were placed by Defendant, Capital One, and Defendant, Progressive, using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(l), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers (hereafter "ATDS" or "autodialer").

34. Defendant, Capital One, and Defendant, Progressive, initiated each of the calls at issue to Plaintiffs' aforementioned cellular telephone numbers without the "prior express consent" of Mr. Orosz, as specified by the TCPA, 47 U.S.C. § 227(b)(l)(A).

35. Additionally, none of the telephone calls at issue were placed by Defendant, Capital One, and Defendant, Progressive, to Mr. Orosz's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(l)(A).

36. Defendant, Capital One, and Defendant, Progressive, willfully and/or knowingly violated the TCPA with respect to Mr. Orosz.

37. Defendant, Capital One, and Defendant, Progressive, have corporate policies of using

7

an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling Mr. Orosz's aforementioned cellular telephone numbers, as described herein.

38. Despite actual knowledge of its wrongdoing, Defendant, Capital One, and Defendant, Progressive, continued the campaign of abuse.

39. Defendant, Capital One, and Defendant, Progressives' corporate policies are structured to continue to call individuals like Mr. Orosz, despite being notified that Mr. Orosz retained legal counsel with respect to such debts.

40. Defendant, Capital One, and Defendant, Progressives' corporate policies provided no means for Mr. Orosz to have his aforementioned cellular telephone number or residential telephone number removed from the call list.

41. Defendant, Capital One, and Defendant, Progressive, have corporate policies to harass and abuse individuals despite actual knowledge that the called parties did not provide prior express consent to receive the calls, or had revoked such prior express consent verbally, in writing, or through retention of legal counsel.

42. Defendant, Capital One, and Defendant, Progressive, followed their corporate policies when attempting to communicate with Mr. Orosz in connection with the debt at issue.

43. Defendant, Capital One, and Defendant, Progressive, have been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiffs.

44. Defendant, Capital One, and Defendant, Progressive, are, or should be, in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Mr. Orosz's respective cellular telephone number and residential telephone number over the relevant time period.

45. As a direct and proximate result of Defendant, Capital One, and Defendant,

8

Progressives' acts or omissions, as set forth herein, Mr. Orosz has suffered compensatory, statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life.

46. Mr. Orosz's statutory and actual damages in the form of emotional distress, anxiety, fear, worry, embarrassment and mental suffering, pain, anguish, and loss of capacity for the enjoyment of life pursuant have continued and are continuing as of the filing of this complaint.

47. Defendant, Capital One, maintains records of each call placed to the cell phone and residence of Andrew M. Orosz by date, time called, and duration of the call, the identity of Defendant's employee and notes or codes placed upon such record by Defendant's employee.

48. Defendant, Progressive, acting in its capacity as agent of Defendant, Capital One, maintains records of each call placed to the cell phone and residence of Andrew M. Orosz by date, time called, duration of the call, the identity of Defendant's employee and notes or codes placed upon such record by Defendant's employee.

49. Such records will reflect that Defendant, Capital One, placed numerous telephone calls to the cell phone and residence of Andrew M. Orosz, after it appeared that Plaintiff, Andrew M. Orosz, was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained after any permission or consent he had granted to call his telephone was revoked.

50. Such records will reflect that Defendant, Progressive, acting in its capacity as agent of Defendant, Capital One placed numerous telephone calls to the cell phone and residence of Andrew M. Orosz, after it appeared that Plaintiff, Andrew M. Orosz, was represented by an attorney and the attorney's name and telephone number were known or could be reasonably ascertained after any permission or consent he had granted to call his telephone was revoked.

## COUNT I
### *VIOLATIONS OF THE WEST VIRGINIA*
### *CONSUMER CREDIT AND PROTECTION ACT*

51. Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

52. Defendants have engaged in repeated violations of the *West Virginia Consumer Credit and Protection Act*, including but not limited to:

a) engaging in unreasonable or oppressive or abusive conduct towards Plaintiff, Andrew M. Orosz, in connection with the attempt to collect a debt by placing phone calls to the cell phone and residence of Andrew M. Orosz in violation of *West Virginia Code* §46A-2-125;

b) causing the telephone to ring or engaging persons, including Plaintiff, Andrew M. Orosz, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress Plaintiff, Andrew M. Orosz, in violation of *West Virginia Code* §46A-2-125(d);

c) using unfair or unconscionable means to collect a debt from Plaintiff, Andrew M. Orosz, in violation of *West Virginia Code* §46A-2-128(e) by communication with Plaintiff, Andrew M. Orosz, after it appeared that Plaintiff, Andrew M. Orosz, was represented by an attorney and the attorney's name and address were known or could be easily ascertained;

d) failing to clearly disclose the name of the business entity making a demand for money upon the indebtedness of Plaintiff, Andrew M. Orosz, in violation of *West Virginia Code* §46A-2-127(c);

e) causing the telephone to ring in violation of the WVCCPA, FDCP and TCPA towards Plaintiff, Andrew M. Orosz, are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment.

53.     As a result of Defendants' actions, Plaintiff, Andrew M. Orosz, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued, and otherwise caused indignation and distress.

## COUNT II

### *VIOLATION OF THE WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

54.     Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

55.     Plaintiff, Andrew M. Orosz, is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff, Andrew M. Orosz, is a "natural person".

56.     Each defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendants are a "limited partnership, trust association or corporation."

57.     Defendants, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with Plaintiff, Andrew M. Orosz, after being requested by Plaintiff, Andrew M. Orosz, to desist from contacting him in violation of *West Virginia Code* §61-3C-14a(a)(2).

58.     Plaintiff, Andrew M. Orosz, was injured as a result of the violations of the West Virginia Computer Crime and Abuse Act as set forth above.

59.     As a result of Defendants' actions, Plaintiff, Andrew M. Orosz, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

60.     Plaintiffs seek compensatory damages as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to West Virginia Code §61-3C-16(a)(2).

## COUNT III

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

61.     Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

11

62. The following conduct of Defendants was atrocious, intolerable and extreme so as to exceed the bounds of decency:

    a. Defendants placed telephone calls to the cell phone and residence of Plaintiff, Andrew M. Orosz, after Defendants knew that Plaintiff, Andrew M. Orosz, was represented by an attorney, in gross violation of the WVCCPA, FDCPA and was in violation of the TCPA after any authorization to call had been revoked;

    b. Defendants have adopted policies and procedure without regard to West Virginia law and Federal law, which violate West Virginia law and Federal Law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumers to pay money to Defendants;

    c. Insofar as Defendants' conduct caused a phone to ring with the intent to harass, such conduct is criminal pursuant to *West Virginia Code* §61-8-16(a)(3) punishable by fine and/or imprisonment;

    d. Insofar as Defendants' conduct of engaging in telephone conversations with Plaintiff, Andrew M. Orosz, were undertaken with the intent to harass, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(a)(4) punishable by fine and/or imprisonment.

    e. Insofar as Defendants' conduct constituted knowingly allowing a phone under Defendants' control to be used to harass any person, such conduct is criminal conduct proscribed by *West Virginia Code* §61-8-16(b) punishable by fine and/or imprisonment.

63. As a result of Defendants' actions, Plaintiff, Andrew M. Orosz, has suffered emotional distress and has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *COMMON LAW INVASION OF PRIVACY*

64. Plaintiff incorporates the previous paragraphs as if fully set forth herein.

65. Plaintiff, Andrew M. Orosz, had, and has an expectation of privacy to be free from harassing and annoying telephone calls within the confines of his home.

66. The acts of Defendants in placing telephone calls to the telephone number of Plaintiff, Andrew M. Orosz, in violation of the WVCCPA, FDCPA and TCPA, invaded, damaged and harmed the right of privacy of Plaintiff, Andrew M. Orosz.

67. As a result of Defendants' action, Plaintiff, Andrew M. Orosz, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise caused indignation and distress.

## COUNT IV

### *FEDERAL FAIR DEBT COLLECTION PRACTICES ACT*

68. Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

69. Progressive violated the *Federal Fair Debt Collection Practices Act*. Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt, 15 U.S.C. Section 1692d.

70. As a result of the above violations of the Federal Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000.00, and attorney's fees.

## COUNT IV

### *VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT*

71. Plaintiffs incorporate the previous paragraphs as if fully set forth herein.

13

72. None of the calls at issue were placed by Defendants, Capital One, and/or Progressive, to Andrew M. Orosz's aforementioned cellular telephone number with the "prior express consent" of Andrew M. Orosz, as specified by the TCPA, 47 U.S.C. § 227(b)(l)(A).

73. Alternatively, Plaintiff, Andrew M. Orosz, revoked any "prior express consent" Defendant, Capital One, had or mistakenly believed it had by:

    a. Requesting in writing, through his agent, Thomas E McIntire, that Defendant, Capital One, cease and desist communicating with Plaintiff, Andrew M. Orosz;

    b. Notifying Defendant, Capital One, that he was represented by counsel with respect to the subject debt. *See* 15 U.S.C. 1692c(a)(2).

74. Furthermore, none of the calls at issue were placed by Defendants, Capital One, and/or Progressive, to Plaintiff, Andrew M. Orosz's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

75. Defendants, Capital One and/or Progressive, willfully and/or knowingly violated the TCPA with respect to Plaintiff, Andrew M. Orosz by repeatedly placing calls to Plaintiff, Andrew M. Orosz's cellular telephone numbers using an AIDS and/or artificial or prerecorded voice without Plaintiff, Andrew M. Orosz's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

76. The TCPA provides Plaintiffs with a private right of action against Defendants, Capital One and Progressive, for their violations of the TCPA, as described herein, pursuant to 47 U.S.C.A. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

**WHEREFORE,** Plaintiffs having set forth their claims for relief against Defendants respectfully pray of the Court as follows:

    A. That Plaintiffs have and recover against Defendants a sum to be determined by

the Court in the form of actual damages;

  B. That Plaintiffs have and recover against Defendants a sum to be determined by the Court in the form of statutory damages;

  C. That Plaintiffs have and recover against Defendants a sum to be determined by the Court in the form of punitive damages;

  D. That Plaintiffs have and recover against Defendants all reasonable legal fees and expenses incurred by their attorney;

  E. That Plaintiffs have such other and further relief as the Court may deem just and proper.


Dated this the 28th day of May 2018.

        /s/Thomas E. McIntire
        Thomas E. McIntire, Esquire
        82 1/2 Fourteenth Street
        Wheeling WV  26003
        WV State Bar No. 2471

15

## VERIFICATION OF COMPLAINT
## AND CERTIFICATION BY PLAINTIFF

STATE OF WEST VIRGINIA

COUNTY OF OHIO

    Pursuant to 28 U.S.C. § 1746, Plaintiff, Andrew M. Orosz, states as follows:

    1.    I am a Plaintiff in this civil proceeding.

    2.    I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

    3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

    4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendants, named in the Complaint.

    5.    I am bringing this civil Complaint in good faith and solely for the purposes set forth in it.

        By: /s/ Andrew M. Orosz

Subscribed and sworn to before me this 28th day of May 2018.

        /s/Thomas E. McIntire
        Notary Public

My commission expires: Apr 23, 2021

16